IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| V. | ) ) | Case No. 03-CR-30190-MJR |
| DANIEL WAYNE STARK, SR., | ) ) ) | |
| Defendant. | ) | |

**ORDER**

**REAGAN, District Judge:**

Defendant Daniel Wayne Stark, Sr., is before the Court seeking to vacate the Court's September 29, 2011, Order granting the Government's motion for forfeiture of 14 firearms as substitute property to satisfy the forfeiture judgment in this case (Doc. 340).

On September 23, 2005, Defendant Stark was convicted on twenty-seven charges related to his role in stealing and selling farm equipment. Relevant to the pending motion, Stark was convicted for being a felon in possession of a firearm– actually, 14 specific firearms (see Docs. 165 and 166). On February 23, 2006, the Court imposed a $263,200.00 forfeiture judgment against Stark, representing the proceeds from his conviction for conspiracy to engage in monetary transactions in criminally derived property, and engaging in a monetary transaction in criminally derived property (Doc. 273). The forfeiture judgment specified that, where appropriate, substitute assets could be used to fulfill the recovery. On September 29, 2011, the Government moved for forfeiture of the 14 firearms that Stark was convicted of possessing, with the firearms representing substitute property for the $263,200.00 forfeiture judgment (Doc. 337). That same day, the Court granted the Government's motion (Doc. 339).

1

Stark argues that the Court granted the Government's motion for forfeiture of substitute property "improvidently." More specifically, Stark contends the Court incorrectly found:

> That pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture of Substitute Property is hereby deemed to be final with respect to defendant Daniel Wayne Stark, Sr. and said order may be amended with respect to petitions filed by third parties claiming an interest in the subject-matter forfeited property.

(Doc. 339, ¶ 9). According to Stark, he is not, and has never been the owner of the 14 firearms at issue; rather, they were owned by his son, Daniel Stark, Jr., who is now deceased, and the firearms have passed via intestate succession to his daughter, Dawn Banfill. Stark further argues that the Government's motion did not give adequate (35 days) notice to potential claimants, as is required by the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions Rule G(4)(b)(ii).

In response, the Government challenges Stark's standing to object to the order of forfeiture, as Rule 32.2(c) of the Federal Rules of Criminal Procedure only provides for third-parties to claim an interest in forfeited property, and Stark has specifically disavowed any interest in the 14 firearms. In the alternative, the Government claims that Stark *would* have an ownership interest in the weapons under the intestate succession provisions of 755 ILCS 5/2-1(d). In any event, the Government observes that, regardless of Stark's ownership status, 21 U.S.C. § 853(n)(2) prohibits a defendant from filing a third-party petition. See Doc. 345.

Having specifically disavowed any ownership interest in the 14 firearms, and due to his status as the defendant subject to the forfeiture judgment, Stark does not have standing to

challenge the adequacy of the notice given to potential claimants. Therefore, Stark's motion fails.

The notice requirement and procedure for protecting third-party rights is succinctly explained in *United States v. McHan*:

> To protect the property interests of third parties, § 853(n) provides a process for the vindication of those interests. *After* entry of a forfeiture order, the United States is required to "publish notice of the order and of its intent to dispose of the property" (and it also may directly contact those it knows to have alleged an interest in the property). 21 U.S.C. § 853(n)(1). Within 30 days of receiving notice, "[a]ny person, other than the defendant, asserting a legal interest" in the property may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." *Id.* § 853(n)(2). The petition must be signed by the petitioner and must set forth the nature and extent of the petitioner's property interest. *Id.* § 853(n)(3). "[T]o the extent practicable and consistent with the interests of justice," the court is directed to hold a hearing "within thirty days of the filing of the petition." *Id.* § 853(n)(4). At the hearing, the petitioners and the government may present witnesses and other evidence and may cross-examine the witnesses. *Id.* § 853(n)(5). Finally, if, after the hearing, "the court determines that the petitioner has established by a preponderance of the evidence" that (1) he had a vested interest in the property or an interest superior to that of the defendant at the time of the commission of the acts giving rise to forfeiture, or (2) he was a "bona fide purchaser for value" of the property "and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture," the court is directed to "amend the order of forfeiture in accordance with its determination." *Id.* § 853(n)(6). Following the court's disposition of all petitions filed by third parties, the order of forfeiture, as amended as a result of the disposition of all petitions, gives the United States "clear title to property that is the subject of the order of forfeiture." *Id.* § 853(n)(7).

345 F.3d 262, 268 (4th Cir. 2003) (emphasis added).

A review of the record reveals that Dawn Banfill has now filed a notice claiming an interest in the 14 firearms (Doc. 342). Banfill's claim, and any other claims lodged, will be handled in accordance with the Section 853(n). If those claims are unsuccessful, the assets will be forfeited and credited toward Stark's forfeiture judgment. If Banfill is successful, Stark's

argument that the assets of a third-party should not be credited toward his forfeiture judgment will be moot, but that argument is not his to make, that is Banfill's fight.

**IT IS THEREFORE ORDERED** that Daniel Wayne Stark's motion to vacate the Court's September 29, 2011, Order (Doc. 340) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: November 9, 2011**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**